(97 App. Div. 198.)

ROBINSON v. LAMPEL (two cases).

(Supreme Court, Appellate Division, Second Department.   September 29, 1904.)

1. NEW TRIAL—GROUNDS—PRESUMPTION.
      Where a motion for a new trial on all the grounds specified in Code Civ.
   Proc. § 999, was granted by an order which did not specify the ground
   on which it was based, and the order was not made conditional on the pay-
   ment of costs, it would be presumed on appeal that the order was granted
   on some exception taken during the trial.

2. PLEADING—AMENDMENT—NEW DEFENSES.
      In an action on a note tried before a jury, it was error for the court,
   after the jury had been impaneled, to permit defendant to amend his
   answer so as to allege a new defense of usury:  such amendment being
   allowable only on trial at Special Term.

3. APPEAL—RECORD—CONSTRUCTION—EXCEPTIONS.
      An appeal book showing that a motion for an amendment of an answer
   was granted and an exception taken sufficiently shows that plaintiff duly
   excepted to the court's allowing such amendment.

Appeal from Trial Term, Kings County.

Two actions by Charles D. Robinson, as receiver of the Mercantile
Co-operative Bank, against Anton Lampel, tried together by consent.
From an order setting aside a verdict and granting plaintiff's motion
for a new trial, defendant appeals.   Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOOD-
WARD, JENKS, and HOOKER, JJ.

Henry C. Burnstine, for appellant.
H. Louis Jacobson, for respondent.

WILLARD BARTLETT, J.   These two actions were tried together
by consent, and resulted in a verdict for the defendant.   Each was
brought upon a promissory note, and the answer in each case consisted
of denials, and an averment of the application of collateral securities
amounting to a payment of the note sued upon.   The case came to trial
upon these issues, and after the jury had been impaneled the defendant
moved to amend the answer by pleading usury.   This motion was
granted, and the plaintiff excepted.   At the conclusion of the evidence,
the case was left to the jury solely upon the question of usury, and they
found a verdict for the defendant.   A motion was made for a new trial
upon the minutes upon all the grounds stated in section 999 of the Code
of Civil Procedure.   Decision upon this motion was reserved, and the
order was subsequently made from which the present appeal is taken,
setting aside the verdict, and granting a new trial.   This order is criti-
cised because it does not state the specific ground upon which it is based.
It is apparent, however, that it must have been granted upon some ex-
ception taken during the trial, because it is not made conditional upon
the payment of costs, as would be the case if the sole ground had been
that the verdict was against the evidence or weight of evidence.

We think the order must be sustained, on account of the error com-
mitted in permitting the defendant to amend the answer by introducing
a new defense upon the trial.   This could only properly have been al-
lowed at Special Term.   The action of a referee in allowing an answer
to be amended upon a trial, where the allegations of the amendment con-

stituted a new defense to the action, has been held to be error requir-
ing the reversal of the judgment entered upon his report.  Drake v.
Siebold, 81 Hun, 178, 30 N. Y. Supp. 697.  The same rule applies to
the allowance of a like amendment by the judge presiding over a jury
trial.  An exception which would compel us to reverse a judgment
entered upon the verdict in favor of this defendant certainly justified
the trial judge in setting aside that verdict.

It is contended in the brief for the appellant that no exception was
taken by the plaintiff to the amendment of the answer setting up usury;
but we do not so understand the record.  After the counsel for the de-
fendant stated that he desired to move to amend the answer by adding
a new defense (that of usury), the court required him to state his pro-
posed amendments on the record.  This was done at considerable
length.  The appeal book then states that the motion was granted, and
an exception taken.  This clearly means that the plaintiff duly except-
ed to the action of the court in allowing the amendment.

The order appealed from should be affirmed.

Order setting aside verdict and granting new trial affirmed, with costs.  All
concur.